UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THERESE COOPER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:15-CV-1758 JAR |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## **MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Therese Cooper's ("Cooper") application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381-85.

    **I.**    **Background**

On November 17, 2011, Cooper protectively filed an application for disability insurance and supplemental security income benefits, alleging disability beginning November 1, 2010. (Tr. 119-31) The Social Security Administration ("SSA") denied her claims on January 6, 2012. (Tr. 60-66) She filed a timely request for a hearing before an administrative law judge ("ALJ") (Tr. 67-69). Following a hearing on April 24, 2014 (Tr. 28-58), the ALJ issued a written decision on May 12, 2014, upholding the denial of benefits. (Tr. 10-27) Cooper requested review of the

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

ALJ's decision by the Appeals Council. (Tr. 7-9) On September 18, 2015, the Appeals Council denied her request for review. (Tr. 1-6) Thus, the decision of the ALJ stands as the final decision of the Commissioner. See Sims v. Apfel, 530 U.S. 103, 107 (2000).

Cooper filed this appeal on November 25, 2015. (Doc. No. 1) The Commissioner filed an Answer. (Doc. No. 10) Cooper filed a brief in support of her Complaint on July 26, 2016 (Doc. No. 22) and the Commissioner filed a brief in support of the answer on October 26, 2016 (Doc. No. 29). Cooper did not file a reply.

## II. Decision of the ALJ

The ALJ determined that Cooper met the insured status requirements of the Social Security Act through September 30, 2012, and had not engaged in substantial gainful activity since November 1, 2010, the alleged onset date of disability (Tr. 15). The ALJ found Cooper had the severe impairments of bilateral knee degenerative joint disease ("DJD"), asthma, and obesity, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 15-17).

After considering the entire record, the ALJ determined Cooper had the residual functional capacity ("RFC") to perform sedentary work, defined as: "can occasionally lift up to ten pounds; can frequently lift or carry less than ten pounds; can sit six hours in an eight-hour workday; can stand or walk two hours in an eight-hour workday; can perform work that does not require climbing on ladders, ropes, or scaffolds; no more than occasional climbing on ramps or stairs; no more than occasional balancing, stooping, kneeling, crouching or crawling; should avoid concentrated exposure to pulmonary irritants, such as gas, fumes, odors, dust, and workspaces with poor ventilation; should avoid concentrated exposure to temperature extremes, wetness, and humidity; should avoid exposure to work hazards, such as unprotected heights and

being around dangerous, moving machinery; and requires a sit/stand option allowing a change in position every thirty to sixty minutes for a few minutes at a time while remaining at the work station and by alternating positions would not be off task or interfere with production for more than ten percent of the work day" (Tr. 17-21).

The ALJ found Cooper unable to perform any past relevant work, but that there are jobs that exist in significant numbers in the national economy that she can perform (Tr. 21-22). Thus, the ALJ concluded that Cooper is not disabled (Tr. 23).

**III.  Administrative Record**

The following is a summary of the relevant evidence before the ALJ.

**A.  Hearing Testimony**

The ALJ held a hearing in this matter on April 24, 2014 (Tr. 28-58). The ALJ heard testimony from Cooper, who was represented at the hearing by counsel, and John F. Magellan, a vocational expert.

**1.  Cooper's testimony**

Cooper was 48 years old at the time of the hearing. She completed the 12th grade. (Tr. 49) Cooper last worked full-time in November 2010 as a pizza delivery driver for Imo's (Tr. 45, 48). She testified she was having problems with her knees while working at Imo's but was "let go" based on a dispute that "didn't really" have anything to do with her knees (Tr. 44). According to Cooper, she filed for disability because she lost her job with Imo's and was having problems with her knees and thought disability would help her pay her bills (Tr. 43). Cooper currently works part-time for a friend doing some cleaning and cooking (Tr. 35, 46).

When Cooper comes home, she lays across her bed (Tr. 32-33). She can stand for 10 to 15 minutes before needing to sit because her lower back starts to hurt (Tr. 34-35). Once she sits

down for 30-45 minutes, she has difficulty getting up (Tr. 33). Cooper has burning pain in her knees from sitting that occurs occasionally, but most often when she is standing and moving around (Tr. 34). She can lift a gallon of milk but cannot lift two gallons (Tr. 36). She smokes a carton of cigarettes every three weeks (Tr. 36-37). She can walk one or two minutes before experiencing shortness of breath (Tr. 37). Cooper uses an inhaler and has coughing and hacking episodes that last between five and ten minutes two to three times daily (Tr. 37-38). She uses a nebulizer four times a day for ten minutes a time (Tr. 38-39). She also experiences swelling in her legs, but does not know what causes it (Tr. 39).

Cooper first saw an orthopedist in August 2013 (Tr. 41). She testified she was interested in having a knee replacement until her doctor "found the right kind of medication to give me relief" (Tr. 41). She takes naproxen and hydrocodone, which help with the pain and have no side effects (Tr. 41-42).

   2.   **Testimony of Vocational Expert**

Vocational expert John F. Magellan classified Cooper's work history as a fast food worker and cleaner, as light, unskilled work, with a specific vocational preparation (SVP) of 2 (Tr. 49); and delivery driver, Dictionary of Occupational Titles (DOT) No. 906.683-022, as medium, but light as performed, semi-skilled work, with an SVP of 3 (Tr. 47).

For the first hypothetical, the ALJ asked Magellan to assume an individual of the claimant's age, education, and past work experience who can perform a range of sedentary work, i.e., occasionally lifting up to ten pounds; frequently lifting or carrying less than ten pounds; standing and walking two hours out of an eight hour workday, and sitting six hours out of an eight-hour workday. Such an individual could perform work that does not require climbing on ladders, ropes, or scaffolds; no more than occasional climbing on ramps or stairs; no more than

occasional balancing, stooping, kneeling, crouching or crawling; and the individual should avoid concentrated exposure to pulmonary irritants, such as gas, fumes, odors, dust, and workspaces with poor ventilation, as well as concentrated exposure to temperature extremes, wetness, and humidity. The individual should also avoid exposure to work hazards, such as unprotected heights and being around dangerous, moving machinery (Tr. 49). Magellan opined that such a person would be unable to perform any of Cooper's past work (Tr. 49-50). Such a person would, however, have the ability to adjust to and perform other work, such as a telephone information clerk, DOT 237.367-046, sedentary, unskilled, SVP of 2, with approximately 5,217 of these jobs nationally and 272 locally (Tr. 49-50); final assembler of optical goods, DOT 713.687-018, sedentary, SVP of 2, with 24,450 of these jobs nationally and 794 locally (Tr. 50-51); and packager of pharmaceutical supplies, DOT 559.687-014, sedentary, SVP of 2, with 2,643 of these jobs nationally and 260 locally (Tr. 51).

The second hypothetical included a sit/stand option, defined as having to change positions for a short time every 30 to 60 minutes for a few minutes while remaining at the workstation (Tr. 51). Magellan opined that with the sit/stand option, the information clerk job would still be available, but that with respect to the other two jobs, availability would depend on whether the break was long enough to interfere with production; if there was interference, then those jobs would not be available (Tr. 51-52).

Magellan further testified that another example of work available with a sit/stand option would be order clerk, food and beverage, DOT No. 209.567-014, sedentary, SVP of 2, with 221,130 such jobs nationally and 480 locally (Tr. 52), and surveillance systems monitor, DOT 379.367-010, sedentary, SVP of 2, with 40,300 such jobs nationally and 550 locally (Tr. 53-54).

### B. Medical Records

The ALJ summarized Cooper's medical records at Tr. 18-19. Relevant medical records are discussed as part of the analysis.

### IV. Standards

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also Brantley v. Colvin, No. 4:10CV2184 HEA, 2013 WL 4007441, at * 2 (E.D. Mo. Aug. 2, 2013). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920(a), 404.1520(a). "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (quoting Eichelberger v. Barnhart, 390 F.3d 584, 590-91 (8th Cir. 2004)). First, the claimant must not be engaged in "substantial gainful activity." 20 C.F.R. §§ 416.920(a), 404.1520(a). Second, the claimant must have a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to

do basic work activities." 20 C.F.R. §§ 416.920(c), 404.1520(c). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work." Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001).

Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. Id.

Before considering step four, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is defined as "the most a claimant can do despite [his] limitations." Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)). At step four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); McCoy v. Astrue, 648 F.3d 605, 611 (8th Cir. 2011). If the claimant can still perform past relevant work, he will not be found to be disabled; if the claimant cannot, the analysis proceeds to the next step. Id.

At step five, the ALJ considers the claimant's RFC, age, education, and work experience to see if the claimant can make an adjustment to other work in the national economy. 20 C.F.R. §§ 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, then he will be found to be disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v).

Through step four, the burden remains with the claimant to prove that he is disabled. Brantley, 2013 WL 4007441, at *3 (citation omitted). At step five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. Id. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." Meyerpeter v. Astrue, 902 F. Supp.2d 1219, 1229 (E.D. Mo. 2012) (citations omitted).

The court's role on judicial review is to determine whether the ALJ's findings are supported by substantial evidence in the record as a whole. Pate–Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009). In determining whether the evidence is substantial, the court considers evidence that both supports and detracts from the Commissioner's decision. Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007). As long as substantial evidence supports the decision, the court may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because the court would have decided the case differently. See Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002).

To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;
(2) The education, background, work history, and age of the claimant;
(3) The medical evidence given by the claimant's treating physicians;
(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
(5) The corroboration by third parties of the claimant's physical impairment;
(6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
(7) The testimony of consulting physicians.

Brand v. Sec'y of Dept. of Health, Educ. & Welfare, 623 F.2d 523, 527 (8th Cir. 1980).

## V. Discussion

In her appeal of the Commissioner's decision, Cooper raises three issues. First, she alleges the ALJ failed to properly consider her credibility and evaluate her RFC (Doc. No. 22 at 7-12). Second, Cooper disputes the ALJ's finding that she did not meet the requirements of Listing 1.02 (id. at 13-14). Third, Cooper alleges the ALJ improperly relied on vocational expert testimony (id. at 14-15). Because the ALJ erred in her RFC determination, the Court will only address that issue. Stidum v. Colvin, No. 4:13CV1590 JAR, 2014 WL 4714748, at *5 (E.D. Mo. Sept. 22, 2014).

A claimant's RFC is defined as the most an individual can do despite the combined effects of all of his or her credible limitations. Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)). The ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, including medical records, the observations of treating physicians and others, and the claimant's description of her limitations. McCoy v. Astrue, 648 F.3d 605 (8th Cir. 2011); Krogmeier v. Barnhart, 294 F.3d 1019, 1024 (8th Cir. 2002). A claimant's RFC is a medical question, however, and some medical evidence must support the ALJ's RFC determination. Hutsell v.Massanari, 259 F.2d 707, 711-12 (8th Cir. 2001). The ALJ is "required to consider at least some supporting evidence from a [medical professional]" and should therefore obtain medical evidence that addresses the claimant's ability to function in the workplace. Id. at 712 (internal quotation marks and citation omitted). An ALJ's RFC assessment which is not properly informed and supported by some medical evidence in the record cannot stand. Id. It is the claimant's burden, not the Commissioner's, to prove the claimant's RFC. See Harris v. Barnhart, 356 F.3d 926, 930 (8th Cir. 2004); McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000).

In the instant cause, the ALJ determined that Cooper had the RFC to perform sedentary work, defined as: "can occasionally lift up to ten pounds; can frequently lift or carry less than ten pounds; can sit six hours in an eight-hour workday; can stand or walk two hours in an eight-hour workday; can perform work that does not require climbing on ladders, ropes, or scaffolds; no more than occasional climbing on ramps or stairs; no more than occasional balancing, stooping, kneeling, crouching or crawling; should avoid concentrated exposure to pulmonary irritants, such as gas, fumes, odors, dust, and workspaces with poor ventilation; should avoid concentrated exposure to temperature extremes, wetness, and humidity; should avoid exposure to work hazards, such as unprotected heights and being around dangerous, moving machinery; and requires a sit/stand option allowing a change in position every thirty to sixty minutes for a few minutes at a time while remaining at the work station and by alternating positions would not be off task or interfere with production for more than ten percent of the work day" (Tr. 17).

The ALJ factually summarized the evidence of Cooper's medical examinations and treatment received between February 2010 and November 2013 (Tr. 18-19), but did not discuss or examine how such evidence demonstrated that Cooper could perform light work. Indeed, the only "discussion" regarding Cooper's ability to engage in work-related activities appeared to be a cursory reliance on the absence of medical opinions stating that Cooper could not engage in work-related activities: "[T]he record does not contain any opinions from treating or examining physicians indicating that [Cooper] is disabled or even has limitations greater than those determined in this decision." (Tr. 21) In addition, the record does not contain any state agency medical consultant opinions. An absence of opinion, however, does not constitute medical evidence upon which an ALJ may base her RFC assessment. See <u>Lauer v. Apfel</u>, 245 F.3d 700, 705 (8th Cir. 2001). "A treating doctor's silence on the claimant's work capacity does not

constitute substantial evidence supporting an ALJ's functional capacity determination when the doctor was not asked to express an opinion on the matter and did not do so[.]" Hutsell, 259 F.3d at 712; see also Lauer, 245 F.3d at 705 (although Commissioner argues that physician never indicated that claimant was unable to engage in work-related activities, physician was never asked to express an opinion about that issue); Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000) ("In spite of the numerous treatment notes discussed above, not one of [claimant's] doctors was asked to comment on his ability to function in the workplace."); Bordeaux v. Astrue, No. 4:11CV876 FRB, 2012 WL 5508376, at *12 (E.D. Mo. Nov. 14, 2012).

For these reasons, the ALJ's determination that Cooper retained the RFC to engage in sedentary work was not supported by substantial evidence on the record as a whole. This cause should, therefore, be remanded to the Commissioner for a proper assessment of Cooper's functional limitations resulting from her impairments, including obtaining information from Cooper's treating physicians, and properly considering expert opinion evidence. Dixon v. Barnhart, 324 F.3d 997, 1003 (8th Cir. 2003); Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000); Vaughn v. Heckler, 741 F.2d 177, 179 (8th Cir. 1984); Bordeaux v. Astrue, No. 4:11CV876 FRB, 2012 WL 5508376, at *14 (E.D. Mo. Nov. 14, 2012).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order. A separate Judgment will accompany this Order.

Dated this 30th day of January, 2017.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**